J. F. Wachter, Weak-minded Person.

Argued December 8, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

Philip J. Wachter appeared in *propria persona.*

No appearance and no printed brief for appellee.

PER CURIAM, January 25, 1933:

From the various unrelated matters set out in appellant's brief we find but one over which we could, if the facts were before us, exercise jurisdiction. On April 30, 1932 Judge PARRY entered the following decree:

"Decree: In petition for confirmation and distribution, and for his discharge, as guardian, the accountant who shows a balance for distribution of $316.95, asks that we award him $435.35 commission, and $280 for advances to his weak-minded ward, a total of $715.35. With such an account before us, questions would not detain us long were it necessary to consider his conduct judicially. "Fortunately the ward has recovered his sanity" and the parties interested either unite in desiring the discharge of the guardian, and surety, or make no opposition thereto after receiving due notice.

Philip J. Wachter is therefore discharged as guardian of the Estate of John Frederick Wachter, and the Globe Indemnity Company is discharged as his surety. The accountant's claims for a commission and for moneys are more than offset by the obvious duplications, improper expenditures and unexplained

items shown in the account, and the claims are disallowed.''

Unfortunately the appellant has not seen fit to put in his printed book a copy of his account, and we are unable from the record to determine whether the items in dispute are correct or not. Over all the other questions referred to by the appellant the court has no jurisdiction. As appellant appears in propria persona and did not have the assistance of counsel in the preparation of his book, we would be disposed to waive any informality in the presentation of the case, but we cannot go beyond the record as it is given to us, and there is nothing before us from which we can ascertain whether or not there is any merit in the appeal.

The appeal is quashed.